John K. Buche (SBN 239477)
Byron E. Ma (SBN 299706)
BUCHE & ASSOCIATES, P.C.
875 Prospect St., Suite 305
La Jolla, California 92037
Tel: (858) 459-9111
Fax: (858) 430-2426
jbuche@buchelaw.com
bma@buchelaw.com

Attorneys for Plaintiff
DEAL POINT TRADING

# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEAL POINT TRADING, a California corporation. <br><br> Plaintiff, <br><br> v. <br><br> STANDARD PROCESS, INC., a Wisconsin corporation, <br><br> Defendant. | Case No. **'19CV1926 WQHAGS** <br><br> **COMPLAINT FOR DECLARATORY JUDGMENT UNDER 28 U.S.C. §§ 2201 & 2202 OF:** <br><br> **(I) NON-INFRINGEMENT OF U.S. TRADEMARK REG. NOS. 2,329,616; 2,469,448, 2,888,707, 3,618,534, AND, 3,726,215;** <br><br> **(II) NO FALSE ADVERTISING UNDER 15 U.S.C. §1125(a)(1)(b); AND,** <br><br> **(III) NO UNFAIR COMPETITION UNDER 15 U.S.C. §1125(a).** <br><br> **JURY TRIAL DEMANDED** |

COMES NOW Plaintiff Deal Point Trading ("DPT" or "Plaintiff"), by and through its counsel, and who allege as and for its Complaint against Defendant Standard Process, Inc. ("SP" or "Defendant") as follows:

## NATURE OF THE ACTION

This is an action for declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 ("the Declaratory Judgment Act") that DPT is not infringing Defendant's trademarks.

## THE PARTIES

1. Plaintiff Deal Point Trading is a California corporation with a principal place of business at 10755 Scripps Poway Pkwy, #288, San Diego, California 92131.

2. Defendant Standard Process Inc. is a Wisconsin corporation with its principal place of business at 1200 W Royal Lee Dr., Palmyra, Wisconsin 53156. The registered agent for Standard Process Inc. is Steven P. Ryan with an address at 1200 W Royal Lee Dr., Palmyra, Wisconsin 53156.

## JURISDICTION & VENUE

3. This Court has subject matter jurisdiction over this lawsuit under 28 U.S.C. §§ 1331, 1338, 2201 & 2202.

4. By asserting infringement of certain rights, Defendant has created an actual and justiciable case and controversy between itself and Plaintiff, namely concerning whether Plaintiff infringes any trademark rights and whether Plaintiff can operate a business in California.

5. This is, in part, an action for declaratory judgment under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. Among other things, Plaintiff seeks a declaratory judgment that Plaintiff does not infringe Defendant's trademarks under federal or any other state laws.

**COMPLAINT FOR DECLARATORY JUDGMENT**

6. This Court has personal jurisdiction over Defendant since Defendant purposefully availed itself of such jurisdiction by sending a cease-and-desist letter within this district, wherein Defendant threatened litigation. SP sent DPT a letter addressed to 10755 Scripps Poway Parkway, San Diego, CA 92131 and 10639 Dabney Drive, San Diego, CA 92126 alleging, *inter alia*, federal trademark infringement, false advertising, and unfair competition under the Lanham Act.

7. Venue is proper in this District under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this District and because there is personal jurisdiction over Defendants under 28 U.S.C. §1391(c).

## **FACTS**

8. DPT repeats and realleges each and every allegation in the foregoing paragraphs as though fully set forth herein.

9. DPT is a business located in San Diego, California and it specializes in purchasing products from authorized retailers and reselling those products via online marketplaces, such as www.amazon.com ("Amazon"). DPT operates "Great Buys & Bargains" a storefront on Amazon.

10. Standard Process develops, manufactures, and sells nutritional supplements ("SP Products"), which can be purchased through authorized distributors, retailers, and through online marketplaces, such as Amazon.

11. Standard Process claims to hold trademarks for STANDARD PROCESS (U.S. Trademark Reg. No. 2,329,616); SP (U.S. Trademark Reg. Nos. 2,469,448; 2,888,707, and 3,618,534); and, SP STANDARD PROCESS (U.S. Trademark Reg. No. 3,726,215)

(collectively referred to as "SP Marks").

12.   DPT legally acquires and pays for SP Products through authorized entities. DPT then resells genuine unaltered SP Products through its online storefront "Great Buys & Bargains" on Amazon.  DPT does nothing more than stock and resell genuine products lawfully acquired on the open market under the true SP Marks.

13.   DPT does not open or alter any of the SP Products or product packaging.

14.   On September 26, 2018, SP sent DPT a cease and desist letter alleging, among other claims, that DPT infringes SP's trademarks.  This letter was addressed to DPT's principal place of business, 10755 Scripps Poway Pkwy, #288, San Diego, California 92131, which is located in the Southern District of California.  *See* Ex. A.

15.   On March 13, 2019, SP sent DPT another cease and desist letter alleging DPT engaged in unauthorized and infringing sales of SP Products.  *See* Ex. B.

16.   However, DPT sells SP Products that were purchased from authorized SP dealers.  The products do not, and cannot, infringe the SP Marks and are not counterfeits.

17.   Under the First Sale Doctrine, DPT is permitted to resell SP Products because the products that DPT sells are **not** "materially different" than any other authorized SP Product.  Accordingly, SP's trademark infringement allegations are unfounded as consumers are receiving the Defendant's products when they purchase it through DPT.  Consumers are not receiving a third-party's product or a counterfeit product, they are purchasing SP Products through DPT.  On an online marketplace like Amazon, consumers understand that they are purchasing products through different sellers and storefronts, so there certainly is no likelihood of confusion or false advertising.

**COMPLAINT FOR DECLARATORY JUDGMENT**

18.     DPT now brings this action for a declaratory judgment of noninfringement of the SP Marks, no false advertisement under 15 U.S.C. § 1125(a)(1)(b), and, no unfair competition under 15 U.S.C. §1125(a), or under any applicable state laws.

## Count 1

(*Declaratory Judgment of Noninfringement of the SP Marks*)

19.     Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs as though fully set forth herein.

20.     SP is the owner of U.S. Trademark Reg. No. 2,329,616.

21.     DPT has not infringed and is not now infringing, any trademark rights Defendant may hold.

22.     DPT legally purchases SP Products and resells SP Products to consumers. Accordingly, any use or display of SP's products falls under the first use doctrine.

23.     Due to Defendant's actions and statements, including the sending of a cease-and-desist letter, an actual controversy now exists between the parties regarding the alleged infringement of Defendant's asserted trademark right.

24.     DPT seeks a declaratory judgment from this Court that DPT's sale of SP Products is not likely to cause confusion as to the source, affiliation, or sponsorship of SP Products.

25.     DPT seeks a declaratory judgment from this Court that DPT's sale of SP Products does not constitute trademark infringement under the Lanham Act or on other state theories.

26. DPT seeks a declaratory judgment that Defendant is not entitled to any injunctive relief or damages under 15 U.S.C. §1125.

## Count 2

*(Declaratory Judgment of No False Advertising under 15 U.S.C. § 1125(a)(1)(b))*

27. Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs as though fully set forth herein.

28. Defendant has claimed that Plaintiff's sale, advertisement, and promotion in the U.S. of lawfully acquired SP Products is false and misleading under applicable federal and/or state law.  In view of these allegations, and under a threat of litigation, Defendant demanded that Plaintiff cease selling the SP Products.

29. An actual, present, and justiciable controversy exists between DPT and SP regarding the use of the SP Marks.  Such threats affect and threaten Plaintiff's rights to do business in California and in interstate commerce.

30. Plaintiff seeks a declaratory judgment that it, by its use, advertisement, promotion, sale, offering for sale, distribution, and marketing of Standard Process Products has not engaged in false advertising under applicable federal and/or state law.

## Count 3

*(Declaratory Judgment of No Unfair Competition under 15 U.S.C. § 1125(a))*

31. Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs as though fully set forth herein.

32. Defendant claims that Plaintiff's sale of the SP Products constitutes unfair competition, and under a threat of litigation, demand that Plaintiff cease selling the SP Products.

33. An actual, present, and justiciable controversy exists between DPT and SP regarding the use of the SP Marks.  Such threats affect and threaten Plaintiff's rights to do business in California and in interstate commerce.  Plaintiff believes Defendant's threats are an overreach of trademark law so that they would constitute a trademark misuse and an anti-competitive result that unduly restricts interstate commerce.

34. Plaintiff seeks a declaratory judgment from this Court that DPT's sale of SP Products does not constitute unfair competition.

## Attorney Fees

This is an exceptional case, and DPT is entitled to an award of attorney fees under 15 U.S.C. §1117(a).

## Jury Demand

Plaintiff hereby demands a trial by jury on all issues that may be heard by a jury.

## Prayer for Relief

For the foregoing reasons, Plaintiff asks for judgment in its favor and against Defendant, and each of them, that:

a. Plaintiff's acts do not amount to infringement of any rights held by defendants under the U.S. Patent laws, Title 35 of the United States Code;

f. This case is exceptional under 35 U.S.C. §285 and that Plaintiff be awarded its attorneys' fees, costs and expenses incurred in this action as provided by that statute;

h. Defendant, and each of its acts amount to behavior justifying an award of reasonable attorney fees in Plaintiff's favor;

j. Plaintiff be awarded costs of court;

k. Plaintiff be awarded all pre- and post-judgment interest at the highest rates allowable by law;

l. Plaintiff be awarded all other relief the court deems just and proper.

Dated: October 3, 2019                    Respectfully submitted,

                                          BUCHE & ASSOCIATES, P.C.

                                          */s/ John K. Buche*
                                          875 Prospect St., Suite 305
                                          La Jolla, CA 92037
                                          Tel: (858) 459-9111
                                          Fax: (858) 430-2426
                                          E-mail: jbuche@buchelaw.com

                                          Attorneys for Plaintiff
                                          *Deal Point Trading*

**COMPLAINT FOR DECLARATORY JUDGMENT**