# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Deal Point Trading, Inc. ("Deal Point") sued Defendant Standard Process Inc. ("Standard Process"), a Wisconsin corporation, in this Court after Standard Process sent two letters asking Deal Point to cease and desist from infringing on Standard Process's trademarks. Standard Process moved to dismiss for lack of personal jurisdiction, and on April 20, 2020, this Court issued an order denying Standard Process's motion ("Prior Order"). In the Prior Order, the Court agreed that Standard Process's cease-and-desist letters did not create specific jurisdiction but nonetheless found that there was specific jurisdiction over Standard Process because of Standard Process's other contacts with California unrelated to this lawsuit.

Respectfully, Standard Process submits that the Prior Order was based on a clear error of law. The Prior Order is inconsistent with the Supreme Court's recent holding in *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773 (2017), which rejected California's "sliding scale" approach to analyzing specific personal jurisdiction and instead held that "[w]hen there is no such connection [between the defendant's forum activities and the lawsuit], specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the state." *Id.* at 1781. The Prior Order did not cite *Bristol-Myers* or explain why specific jurisdiction was appropriate in light of the teachings of that case. The Prior Order is also inconsistent with the Ninth Circuit's ruling in *Yahoo! Inc. v. La Ligue Contre Le Racisme*, 433 F.3d 1199 (9th Cir. 2006), which did *not* find that general business contacts could support specific jurisdiction, but instead held that specific jurisdiction could be based only on contacts that give rise to the claims asserted.

Accordingly, Standard Process respectfully requests that the Court reconsider its Prior Order and dismiss Plaintiff's Complaint for lack of personal jurisdiction. In the alternative, Standard Process requests that the Court to certify the Prior Order for interlocutory appeal.

P:01331488.1:87068.002                                1
DEFENDANT'S NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OR INTERLOCUTORY APPEAL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

## II. FACTS AND PROCEDURAL BACKGROUND

Standard Process is a Wisconsin corporation that produces trademarked nutritional supplements. (Compl., ECF 1 ¶ 9). In September 2018, after Standard Process discovered Deal Point selling products that infringed on Standard Process's trademarks, Standard Process sent two cease-and-desist letters to Deal Point in California. (*Id.* ¶¶ 14-15). Thereafter, Deal Point filed this current lawsuit seeking a declaratory judgment of non-infringement.

Standard Process moved to dismiss this lawsuit on the basis that the Court lacks personal jurisdiction over Standard Process. (ECF 9). Standard Process argued that there was no general personal jurisdiction because Standard Process is a Wisconsin-based company that is not "at home" in California, as required to show general jurisdiction. (*Id.* at 3-4). Standard Process further argued that there was no specific personal jurisdiction because its act of sending two cease-and-desist letters to Deal Point was not a purposeful direction of tortious activity to California, as required to show specific jurisdiction. (*Id.* at 4-7).

On April 20, 2020, the Court denied Standard Process's motion to dismiss. (ECF 12). Because Deal Point did not contend that the Court had general jurisdiction over Standard Process, the Court did not address general jurisdiction. (*Id.* at 5). Regarding specific jurisdiction, the Court first indicated that it would "consider the extent of the defendant's contacts with the forum and the degree to which the plaintiff's suit is related to those contacts," noting that a "strong showing on one axis will permit a lesser showing on the other." (ECF 12 at 5). The Court then applied the Ninth Circuit's purposeful direction test, which requires showing: (1) that the defendant purposefully directed activities to the forum state, (2) the plaintiff's claim was one that arose out of the defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable. (*Id.*) Finally, the Court acknowledged the Ninth Circuit precedent that a "cease and desist letter is not in and of itself sufficient to establish personal jurisdiction over the sender" but "cease and desist letters involving 'abusive,

tortious or otherwise wrongful' conduct may lead to a different outcome." (*Id.*)

Applying that law to this case, the Court agreed that Standard Process's "cease and desist letter did not involve any 'abusive, tortious or otherwise wrongful conduct'" and "that the cease and desist letters are not a 'contact that would, if considered alone, justify the exercise of personal jurisdiction.'" (ECF 12 at 8 (internal citations omitted)). However, the Court ultimately held that it had specific personal jurisdiction over Standard Process because of Standard Process's *other* general business contacts with California—namely, the fact that Standard Process is licensed to do business in California, lists health care professionals who can provide recommendations to consumers in California, and has an agent for service of process in California. (*Id.* at 9). Although these contacts are *not* related to Deal Point's suit, the Court held that specific personal jurisdiction was proper because "a 'strong showing' of 'the extent of the defendant's contacts with the forum' 'permit[s] a lesser showing' of 'the degree to which the plaintiff's suit is related to those contacts.'" (*Id.*)

## III.  LEGAL ARGUMENT

### A.  The Court Should Reconsider the Prior Order

"Reconsideration is generally appropriate 'if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Lf Centennial v. Z-Line Designs*, 2017 U.S. Dist. LEXIS 228971, at *2 (S.D. Cal. Aug. 10, 2017) (citing *Sch. Dist. No. 1J, Multnomah Cnty., Oregon v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) and Fed. R. Civ. P. 60(b)). In this case, the Prior Order contains a clear error of law because it is inconsistent with the United States Supreme Court's holding in *Bristol-Myers* and the Ninth Circuit's holding in *Yahoo*.

#### 1.  The Prior Order Is Inconsistent With *Bristol-Myers*

The Prior Order's first clear error of law is that it is inconsistent with the United States Supreme Court's holding in *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773. In *Bristol-Myers*, the California Supreme Court applied a "sliding scale

1  approach to specific jurisdiction," holding that "the more wide ranging the
2  defendant's forum contacts, the more readily is shown a connection between the
3  forum contacts and the claim." *Bristol-Myers Squibb Co. v. Super. Ct.*, 1 Cal. 5th
4  783, 806 (2016), *overruled by Bristol-Myers*, 137 S. Ct. 1773.  However, the United
5  States Supreme Court overturned California's "sliding scale" approach, finding that
6  it violated the Due Process Clause of the Fourteenth Amendment to the Constitution
7  because:

> In order for a court to exercise specific jurisdiction over a claim, there must be an "affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State."  When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State.  For this reason, the California Supreme Court's "sliding scale approach" is difficult to square with our precedents.  Under the California approach, the strength of the requisite connection between the forum and the specific claims at issue is relaxed if the defendant has extensive forum contacts that are unrelated to those claims.  Our cases provide no support for this approach, which resembles a loose and spurious form of general jurisdiction.  For specific jurisdiction, a defendant's general connections with the forum are not enough.  As we have said, "[a] corporation's 'continuous activity of some sorts within a state . . . is not enough to support the demand that the corporation be amenable to suits unrelated to that activity.'"

28  *Id.* at 1781 (internal citations omitted).

In this case, the Prior Order applied the sliding scale approach that the United States Supreme Court rejected in *Bristol-Myers*. The Prior Order reasoned that a "'strong showing' of 'the extent of the defendant's contacts with the forum' 'permit[s] a lesser showing' of 'the degree to which the plaintiff's suit is related to those contacts.'" ECF 12 at 9. The sliding scale test applied by the Prior Order is essentially the same as the one overruled in *Bristol-Myers* as both tests allow "the strength of the requisite connection between the forum and the specific claims at issue [to be] relaxed if the defendant has extensive forum contacts that are unrelated to those claims." *Bristol-Myers*, 137 S. Ct. at 1781. Because the Supreme Court overruled this test, it was clear error for the Prior Order to allow a relaxed, lesser showing of the relation between Standard Process's contacts in California and the trademark non-infringement claims raised in this lawsuit to support specific jurisdiction. This is true regardless of the extent of Standard Process's general business contacts in California.

Indeed, *Bristol-Myers* itself found that specific jurisdiction may not be based on general business contacts—"the bare fact that BMS contracted with a California distributor is not enough to establish personal jurisdiction in the State." 137 S. Ct. at 1783. And following *Bristol-Myers*, other district courts in this circuit have also held that specific jurisdiction may not be based on connections between the defendant and the forum that are not related to any allegedly tortious conduct. *See, e.g.*, *Rice Aircraft Servs. v. Soars*, 2018 U.S. Dist. LEXIS 109457, at *24 (E.D. Cal. June 28, 2018) (citing *Bristol-Myers* to hold that the specific jurisdiction inquiry asks "whether <u>the defendant's allegedly tortious action</u> was 'expressly aimed at the forum,'" and finding no specific jurisdiction in California over defendant sued for tortious interference and defamation based on defendant's statements to parties outside California even though defendant had other contacts in California); *Zithromia Ltd. v. Gazeus Negocios De Internet SA*, 2018 U.S. Dist. LEXIS 205704, at *6 (N.D. Cal. Dec. 5, 2018) ("general business dealings" and "internet sales" are "not a sufficient affiliation" to create specific jurisdiction over defendant sued for improperly having plaintiff's games

taken down from the Apple App Store).

Accordingly, the Prior Order was based on a clear error of law in that it was inconsistent with the United States Supreme Court's holding in *Bristol-Myers*, 137 S. Ct. 1773. This inconsistency justifies reconsideration of the Prior Order. *See Scharringhausen v. United States*, 2010 U.S. Dist. LEXIS 68993, at *15 (S.D. Cal. July 12, 2010) (granting motion for reconsideration "given the United States Supreme Court authority now before the Court").

## 2. The Prior Order Is Inconsistent With *Yahoo*

The Prior Order also contains a clear error of law because it is inconsistent with the Ninth Circuit's holding in *Yahoo*, 433 F.3d at 1210. Although *Yahoo* stated that a "strong showing on one axis will permit a lesser showing on the other," the case did not find specific jurisdiction over a defendant based on its general business activities in California. *Id.* at 1210. To the contrary, *Yahoo* was "the classic polar case for specific jurisdiction . . . in which there are very few contacts but in which those few contacts are directly related to the suit." *Id.*

In *Yahoo*, the defendants had obtained an order from a court in France against Yahoo, and Yahoo sued for declaratory judgment that the French court order is unenforceable in the United States. 433 F.3d at 1201. The Ninth Circuit noted that "the only bases for personal jurisdiction over [defendants] in the district court are the actions they have taken in connection with their French suit," including sending a cease-and-desist letter to Yahoo in California, serving process on Yahoo in California, obtaining two interim orders from the French court, and serving two orders on Yahoo in California. *Id.* at 1205. The Ninth Circuit held that the cease-and-desist letter and service of process could not support personal jurisdiction. *Id.* at 1208-09. However, the Ninth Circuit held that, though "it is a close question," personal jurisdiction could be found because the defendants "have obtained two interim orders from the French court directing Yahoo! to take actions in California, on threat of a substantial penalty." *Id.* at 1210-11. Thus, *Yahoo* did not hold that specific personal jurisdiction could be

found based on general business contacts, but only on conduct that was directly related to the lawsuit in question—in that case, the defendant's actions in obtaining French court orders were directly related to Yahoo's declaratory judgment claim that those same court orders were not enforceable.

The present case is the opposite of *Yahoo*—Standard Process has limited general business contacts with California but none are related to this suit aside from the cease-and-desist letters that the Court has rightly found do not support specific jurisdiction. *See* ECF 9 at 7; *Yahoo*, 433 F.3d at 1208 ("A cease and desist letter is not in and of itself sufficient to establish personal jurisdiction over the sender of the letter. There are strong policy reasons to encourage cease and desist letters." (internal citation omitted)). Thus, *Yahoo* does not support the finding that Standard Process's general business contacts with California create specific jurisdiction. Indeed, many courts have held that a trademark owner's general business contacts with a state do not create specific jurisdiction over declaratory judgment claims for non-infringement against the trademark owner. *See, e.g.*, *Sturdy Gun Safe, Inc. v. Rhino Metals, Inc.*, 2019 U.S. Dist. LEXIS 25316, at *10-11 (E.D. Cal. Feb. 14, 2019) (no personal jurisdiction over declaratory judgment claim against trademark holder based on trademark holder's "marketing and sales activities" in California); *Arkon Res., Inc. v. Nat'l Prods.*, 2018 U.S. Dist. LEXIS 166901, at *9-10 (C.D. Cal. Jan. 3, 2018) (no personal jurisdiction over declaratory judgment claim against trademark holder based on trademark holder's own sales in California).[1]

---

[1] Nor does *Google, Inc. v. Eolas Techs., Inc.*, 2014 U.S. Dist. LEXIS 87260 (N.D. Cal. June 24, 2014) support specific jurisdiction. *Google* found specific jurisdiction in a patent infringement case based on an exclusive licensing agreement and case law holding that certain types of exclusive licensing agreements could be contacts supporting specific jurisdiction. *See id.* at *7-12. That principle does not apply in this case because there is no exclusive licensing agreement in this case.

Moreover, even the "strong showing on one axis" language in *Yahoo* does not support the Prior Order. That language from *Yahoo* quotes a prior Ninth Circuit case, *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987), which stated: "On one extreme, no relationship is needed between the defendant's purposeful contacts and the cause of action where the contacts are substantial or continuous and systematic ***and therefore permit the assertion of general jurisdiction***." (emphasis added). Standard Process's general business contacts in California are thus relevant only to the question of general jurisdiction (which Deal Point does not argue exists in this case), not specific jurisdiction. *See Bristol-Myers*, 137 S. Ct. at 1776 (warning courts not to analyze specific jurisdiction using a "sliding scale approach" that "resembles a loose and spurious form of general jurisdiction").

### B. Alternatively, the Court Should Certify an Interlocutory Appeal

Alternatively, the Court should certify the Prior Order for an interlocutory appeal under 28 U.S.C. § 1292. Under that statute, the Court may certify an order for interlocutory appeal when it finds that "such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." In this case, all of the requirements of § 1292 are met.

***First***, the Prior Order involves a controlling question of law—namely, whether it is correct following the Supreme Court's holding in *Bristol-Myers* that "a 'strong showing' of 'the extent of the defendant's contacts with the forum' 'permit[s] a lesser showing' of 'the degree to which the plaintiff's suit is related to those contacts,'" or whether this sliding scale test was overruled by *Bristol-Myers*. (ECF 12 at 9). This question is a pure question of law, and Standard Process does not challenge the Court's weighing of the facts in this motion.

***Second***, there is substantial ground for difference of opinion. As explained in the previous section, the sliding scale test applied the Prior Order is inconsistent with the Supreme Court's holding in *Bristol-Myers* and the Ninth Circuit's holding in

*Yahoo*.

***Finally***, an immediate appeal from the Prior Order may materially advance the ultimate termination of the litigation. Because the Court has already held that Standard Process's cease-and-desist letters do not create personal jurisdiction, a holding on appeal that Standard Process's contacts with California unrelated to this suit itself also do not create specific personal jurisdiction would mean there is no basis for personal jurisdiction over Standard Process. Because there are no other defendants in the case, a finding of no personal jurisdiction over Standard Process would mean that the case would be dismissed and thus terminated at an early stage. On the other hand, it would be a tremendous waste of the parties' and the Court's resources if this case were fully litigated without an interlocutory appeal, only to have the final result vacated on appeal because personal jurisdiction was lacking.

## IV.   CONCLUSION

For reasons stated herein, the Court should reconsider the Prior Order and grant Standard Process's motion to dismiss for lack of personal jurisdiction or, in the alternative, certify the Prior Order for an interlocutory appeal.

DATED: May 11, 2020

VORYS, SATER, SEYMOUR AND PEASE, LLP

By: */s/ William D. Kloss, Jr.*
   WILLIAM D. KLOSS, JR.
   ARRYN K. MINER

AND

SOLOMON WARD SEIDENWURM & SMITH LLP
THOMAS F. LANDERS
MATTHEW T. ARVIZU
Attorneys for Defendant STANDARD PROCESS INC.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was electronically filed with the Court on May 11, 2020.  Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

*/s/ William D. Kloss*
William D. Kloss